IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PAULA KAY HEDGEPETH, *et al.* ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| *vs.* ) | Civil Action No. 15-cv-0067-CG-C |
| ) | |
| MOBILE COUNTY PROBATE ) | |
| JUDGE DON DAVIS, *etc., et al.*, ) | |
| ) | |
| **Defendants.** ) | |

MOTION TO DISMISS OF GOVERNOR ROBERT BENTLEY
WITH MEMORANDUM OF LAW IN SUPPORT THEREOF

Comes Now Governor Robert Bentley, by and through counsel and, pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), moves to dismiss the complaint against him on the following grounds:

1.     The Court lacks subject matter jurisdiction over the claims against Governor Bentley because he is entitled to immunity from suit under the Eleventh Amendment to the U.S. Constitution;

2.     Plaintiffs lack standing to pursue their claims against Governor Bentley because as Governor, he has done nothing to cause their alleged injuries and there is nothing he could do as Governor to redress their injuries;

3.      Plaintiffs have utterly failed to state a claim against Governor Bentley upon which relief can be granted.

## MEMORANDUM OF LAW IN SUPPORT OF
## GOVERNOR BENTLEY'S MOTION TO DISMISS

Based upon the arguments and authorities which follow, Governor Bentley submits that his motion to dismiss is due to be granted.

## I.      Background

This three-page complaint, the complete first page of which contains the case caption, is an apparent, hurry-up attempt to entice this Court to issue relief against Mobile County Probate Judge Don Davis and members of his office staff based upon the refusal of Judge Davis to open the division of his office which issues marriage licenses on Monday, February 9, 2015. Plaintiffs are same-sex couples who desired to purchase marriage licenses from the Mobile County Probate Judge but were unable to do so because that division of the probate office was closed.[1]  Doc. 1 at ¶¶ 3-4.  In

---

[1] Following the issuance by this Court in *Strawser v. Strange*, No. 14-cv-424-CG-C, of a preliminary injunction on February 12, 2015, enjoining Mobile County Probate Judge Don Davis from refusing, on grounds related to Alabama's Marriage Protection Act, ALA. CODE § 30-1-19, or Alabama's Sanctity of Marriage Amendment, Art I, § 36.03, ALA. CONST. (1901), to issue marriage licenses to plaintiff same-sex couples who take all steps required in the normal course of business as a prerequisite to the issuance of a marriage license to opposite-sex couples, Plaintiffs entered into a Stipulation for Dismissal on February 13, 2015, of Mobile County Probate Judge Don Davis, as well as the named members of his

addition to Judge Davis and his staff who were originally named as defendants (but are now dismissed by stipulation), Plaintiffs seek relief against Governor Robert Bentley, in his official and individual capacity, Attorney General Luther Strange, and Alabama Supreme Court Chief Justice Roy Moore, in their official and individual capacities.

Plaintiffs' complaint recites that this Court has recently issued orders in two cases striking down Alabama's Sanctity of Marriage Amendment, ALA. CONST. Art I, § 36.03, and Alabama's Marriage Protection Act, ALA. CODE § 30-1-19.  *Id*. at ¶ 1.  The complaint further recites that last evening (February 8, 2015), Chief Justice Moore "issued an Order directing the Probate Courts to disobey this Court's Orders as discussed above." *Id*. at ¶ 5.  In conclusory fashion, the complaint next asserts that this Court "has already held that the Alabama Sanctity Laws infringe on the 14th Amendment Rights of all same-sex couples."  *Id*. at ¶ 6.

---

office staff, Joe McEarchern, Jr. and C. Mark Erwin.  Doc. 16.  If Plaintiffs have already obtained marriage licenses from the Mobile County Probate Judge's office, their claims may be moot.  *See*, *Genesis Healthcare Corp. v. Symczyk*, 133 S.Ct. 1523, 1529 (2013) (mootness of class representative's claim because she obtained complete relief from Rule 68 offer of judgment mooted class claims); *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) ("...actual controversy must be extant at all stages of review, not merely at the time the complaint is filed."); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990) (If an intervening circumstance deprives the plaintiff of a "personal stake in the outcome of the lawsuit," at any point during the litigation, the action can no longer proceed and must be dismissed as moot.)

In the only paragraph directed at Governor Bentley and Attorney General Strange, Plaintiffs assert that they "have failed and refused to execute this Court's Orders." *Id*. at ¶ 7. Plaintiffs then demand judgment against Defendants individually and collectively for violation of Plaintiffs' 14th Amendment rights. Plaintiffs further assert that "this" is a violation of their rights under 42 U.S.C. § 1983. *Id*. at ¶ 9. Plaintiffs further request the Court to issue an emergency injunction commanding Defendants to issue them marriage licenses as guaranteed by the Constitution as interpreted by this Court. *Id*. at ¶ 10. Finally, Plaintiffs request that the Court enter "an award of sanctions" against Defendants, separately and severally, for their willful refusal to comply with this Court's Orders. *Id*. at ¶ 11.

## II.    Standards of Review

In *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), the Court reaffirmed the standard governing motions filed under Fed.R.Civ.P. 12(b)(6) stating:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's

4

> liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id*. at 1949 (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007) (citations omitted).

The *Iqbal* Court explained that "[t]wo working principles underlie" the 12(b)(6) analysis and both are critical here.  First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950.  When "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed.R.Civ.P. 8(a)(2)).

On a challenge to the complaint under Fed.R.Civ.P. 12(b)(1), the Court evaluates whether the plaintiff "has sufficiently alleged a basis of subject matter jurisdiction" and employs standards similar to those governing Rule 12(b)(6). *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1335 (11th Cir. 2013).  As explained below, in light of *Iqbal's* statement of the standard of review—and in light of the background principles of sovereign immunity, separation of powers, and

standing against which Plaintiffs claim that Governor Bentley has failed or refused to execute this Court's orders—Plaintiffs' claims must be dismissed under Fed.R.Civ.P. 12(b)(6) and 12(b)(1).

## III.    Governor Bentley is Entitled to Sovereign Immunity.

The doctrine of sovereign immunity embodied in the Eleventh Amendment precludes this Court from the exercise of its Article III jurisdiction over him in his official capacity.  The Eleventh Amendment prohibits "suit[s] ... commenced or prosecuted against one of the United States."  U.S. CONST. amend. XI.  The Supreme Court has interpreted the Eleventh Amendment to prohibit "suits against state officials where the state is, in fact, the real party in interest."  *Summit Med. Assocs. v. Pryor*, 180 F.3d 1326, 1336 (11th Cir. 1999) citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984).  A key consideration in determining whether sovereign immunity applies is whether the state official named has a sufficient connection to the enforcement of the act under review.  The Court explained this consideration as follows:

> In making an officer of the state a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional, it is plain that such officer must have some connection with the enforcement of the act, or else it is merely making him a party as a representative of the state, and thereby attempting to make the state a party.

6

*Id*. at 1341 (quoting *Ex parte Young*, 209 U.S. 123, 157 (1908).  Thus, the Eleventh Circuit has held that a plaintiff may sue state officers "only when those officers are 'responsible for' a challenged action and have 'some connection' to the unconstitutional act at issue." *Women's Emergency Network v. Bush*, 323 F.3d 937, 949 (11th Cir. 2003) quoting *Luckey v. Harris*, 860 F.2d 1012, 1015-16 (11th Cir. 1988).  Thus, "[a] governor's 'general executive power' is not a basis for jurisdiction in most circumstances."  *Id*. citing *Harris v. Bush*, 106 F.Supp.2d 1272, 1276-77 (N.D. Fla. 2000).

Governor Bentley is constitutionally vested with the supreme executive power of the State of Alabama.  Art. V, § 113, ALA. CONST. (1901).  He is constitutionally designated chief magistrate for the State of Alabama.  *Id.*  Further, Governor Bentley is constitutionally required to "...take care that the laws be faithfully executed."  Art. V, § 120, ALA. CONST. (1901).  However, Alabama's Constitution contains strong and time-tested language prohibiting executive officials from exercising the powers granted to officers in the legislative and judicial branches of Alabama's government. Art. III, §§ 42, 43,  ALA. CONST. (1901).

Under *Iqbal*, Plaintiffs' complaint does not plausibly allege any facts upon which relief can be granted against Governor Bentley for failing or refusing to carry out this Court's orders especially in light of the state constitutional separation-of-

7

powers provisions which prevent him from exercising or directing the exercise of judicial power. *Iqbal*, 129 S.Ct. 1949. Unsupported, legal conclusions—such as a bare claim that Governor Bentley has failed to execute this Court's orders— are not required to be taken as true by this Court in its consideration of Governor Bentley's motion to dismiss. *Id.*

Further, Governor Bentley has no responsibility under Alabama law to carry out the state's marriage laws. The authority for issuance of marriage licenses is statutorily committed to the probate judge in each county. ALA. CODE § 30-1-9. The probate court is part of Alabama's unified judicial system in which the judicial power of the State is vested. Art. VI, § 139, ALA. CONST. (1901). Thus, because Governor Bentley has no responsibility for, or connection to, the enforcement of Alabama's marriage laws, suit against him is akin to suit against the State which is barred by the Eleventh Amendment.[2] *C.M. v. Bentley*, 13 F.Supp.3d 1188, 1205-06 (M.D. Ala. 2014) (Governor entitled to immunity from suit because connection between his

---

[2]Governor Bentley is also named a defendant in his individual capacity. In *Ex parte Young*, 209 U.S. 123 (1908), the Court created an exception to Eleventh Amendment immunity by allowing a state official to be sued in his individual capacity and enjoined prospectively from continuing to violate federal law. But the exception requires a connection between the state official enjoined and the enforcement of the statute. The connection is too attenuated here to apply the exception. *See*, *Searcy v. Bentley*, No. 14-cv-208-CG-N (Doc. 34—Report and Recommendation at 15, filed 07/30/14, Adopted as Opinion of the Court, Doc. 40, filed 08/20/14)

statutory authority and challenged act too attenuated to make him a proper party);

*Harris v. McDonnell*, 988 F.Supp.2d 603, 611 (W.D. Va. 2013) (Governor dismissed

because Virginia marriage laws do not refer to Governor).

**IV.    Plaintiffs' Complaint Against Governor Robert Bentley, in his Individual and Official Capacity, Must Be Dismissed Based Upon Alabama's Strict Doctrine of Separation of Powers.**

The gravamen of Plaintiffs' complaint against Governor Robert Bentley, in his

individual and official capacity, is found only in paragraph 7 of the Complaint, which

states in pertinent part: "Governor Bentley and Attorney General Strange have failed

and refused to execute this Court's Orders."  Doc. 1 at ¶ 7.  Plaintiffs have asked for

an award of sanctions against Defendants for their willful refusal to comply with the

Court's Orders and any and all further relief.

The judicial power of the State of Alabama is vested exclusively in a uniform

judicial system which consists of a Supreme Court, a Court of Criminal Appeals, a

Court of Civil Appeals, a trial court of general jurisdiction known as the Circuit

Court, a trial court of limited jurisdiction known as the District Court, a Probate

Court, and such Municipal Courts as may be provided by law.  Art. VI, § 139(a),

ALA. CONST. (1901).

Alabama observes strict separation of powers between the branches of government. "The powers of the government of the State of Alabama shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to-wit: Those which are legislative, to one; those which are executive, to another; and those which are judicial, to another." Art. III, § 42, ALA. CONST. (1901).

Alabama law gives no authority to the Chief Executive of the State, i.e., the Governor, to issue marriage licenses; this authority is exclusively reserved to the probate judges in the several counties. *See*, § 30-1-9, ALA. CODE. As constitutional officers of the judicial branch of government who are directly elected by the people of each county and shielded from executive influence by the Alabama Constitution, the judges of probate are neither beholden to the Governor for their offices nor are they subject to his control in the execution of their duties.

It is important to note that Governor Bentley was not a defendant in the *Searcy* case at the time this Court entered its injunction in that matter. Governor Bentley was an original defendant to the *Searcy* litigation, but was dismissed with prejudice, and thus, was not a party when this Court entered its injunction.

Plaintiffs in this matter totally fail to meet the plausibility standard of *Iqbal*. The relief requested by Plaintiffs, i.e., "an injunction commanding the Defendants to issue marriage licenses guaranteed by the Constitution as interpreted by this Court,"

is constitutionally and fatally flawed as a matter of law under Alabama's strict adherence to the separation of powers doctrine.

## V.   Plaintiffs Lack Standing to Sue Governor Bentley.

For the same reasons that provide Governor Bentley with immunity under the Eleventh Amendment—his lack of responsibility for, or connection to, enforcement of Alabama's marriage laws—Plaintiffs lack standing to sue him.  To satisfy the case or controversy requirement contained in Article III, a plaintiff must show that he has suffered an injury in fact that is concrete and particularized, and actual or imminent, not conjectural or hypothetical, that the injury is fairly traceable to conduct of the defendant, and that it is likely, not just merely speculative, that the injury will be redressed by a favorable decision.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  Failure to satisfy any of these three requirements is fatal to the plaintiffs' case.  *I.L. v. Alabama*, 739 F.3d 1273, 1278 (11th Cir. 2014).

Plaintiffs do not plausibly allege that Governor Bentley caused their injury. Indeed, for aught that appears in their poorly-pleaded complaint, Plaintiffs' injury was caused by the failure of the Mobile County Probate Court to open its marriage license division on February 9, 2015, not by anything Governor Bentley did, or did not do. As shown above, Governor Bentley, as Alabama's supreme executive officer, has no

authority under law to direct the exercise of judicial power by any probate judge in Alabama.  For the same reasons, any relief which might be ordered by this Court against Governor Bentley would not redress any injury Plaintiffs may suffer.  Thus, Plaintiffs fail to satisfy two of the three prongs of the standing test set out in *Lujan* and, therefore, their claims are due to be dismissed.  *See*, *Baskin v. Bogan*, 12 F.Supp.3d 1144, 1153 (S.D. Ind. 2014) (Governor not a proper party because plaintiffs' injuries are not fairly traceable to him and cannot be redressed by him); *Love v. Pence*, 28 F.Supp.3d 793, 797 (S.D. Ind. 2014) (Governor dismissed for same reasons).

WHEREFORE PREMISES CONSIDERED, Governor Robert Bentley respectfully requests this Court to enter an Order dismissing him as a defendant in this case, with prejudice.

Respectfully submitted this 18th day of February, 2015.

/s David B. Byrne, Jr.
Legal Advisor to Governor Robert Bentley

OFFICE OF THE GOVERNOR
Alabama State Capitol
600 Dexter Avenue,  Suite NB-05
Montgomery, AL 36130
(334) 242-7120 P
(334) 242-2335 F
david.byrne@governor.alabama.gov
pam.chesnutt@governor.alabama.gov

/s Algert S. Agricola, Jr.
Algert S. Agricola, Jr.

OF COUNSEL:

RYALS, DONALDSON & AGRICOLA, P.C.
60 Commerce Street, Suite 1400
Montgomery, AL 36104
(334) 834-5290 P
(334) 834-5297 F
aagricola@rdafirm.com

**Attorneys for Governor Robert Bentley**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **PAULA KAY HEDGEPETH,** *et al.* | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| *vs*. | ) | **Civil Action No. 15-cv-0067-CG-C** |
| | ) | |
| **MOBILE COUNTY PROBATE** | ) | |
| **JUDGE DON DAVIS,** *etc., et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will serve electronic notice upon the following participants:

David G. Kennedy david@kennedylawyers.com

Christine C. Hernandez christine@hernandezlaw.comcastbiz.net

James W. Davis jimdavis@ago.state.al.us

Laura E. Howell lhowell@ago.state.al.us

J. Michael Druhan mike@satterwhitelaw.com

Harry V. Satterwhite harry@satterwhitelaw.com

Chief Justice Roy S. Moore
Alabama Supreme Court
300 Dexter Avenue
Montgomery, AL 36104

14

Respectfully submitted,


**s/ Algert S. Agricola, Jr.**
**OF COUNSEL**

M:\General Litigation\Governor Robert Bentley\Hedgepeth v. Davis\Pleadings\Motion to Dismiss.wpd

15