UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

PAULA KAY HEDGEPETH, *et al.*,  )
    *Plaintiffs*,  )
    )
v.  )    Civil Action No.
    )    1:15-cv-00067-CG-C
MOBILE COUNTY PROBATE JUDGE  )
DON DAVIS, *et al*,  )
    *Defendants*.  )

**DEFENDANT ATTORNEY GENERAL LUTHER STRANGE'S
MOTION TO DISMISS CLAIMS AGAINST THE ATTORNEY GENERAL**

Attorney General Luther Strange, one of the Defendants in this action, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, moves to dismiss claims against the Attorney General. In support hereof, Attorney General Strange states as follows:

**Factual Background**

1. This case arises from the Court's orders entered in two other cases that challenged the constitutionality of Alabama's marriage laws, to the extent they prohibited the recognition of "same-sex marriage." Those two cases, also filed in the Southern District of Alabama, are styled *Searcy v. Strange*, civil action no. 14-208-CG-N, and *Strawser v. Strange*, civil action no. 14-424-CG-C.

2. In *Searcy*, the plaintiffs had a marriage license from another state and sought to have that license recognized by the State of Alabama. This Court ruled that Alabama's marriage laws (Ala. Const. Art. I, § 36-03, and Ala. Code § 30-1-19) violated the United States Constitution, to the extent they prohibited recognition of "same-sex marriage," and ordered "that the defendant is enjoined from enforcing those laws." Memorandum Opinion and Order, doc. 53, January 23, 2015. The Court later stayed its order and injunction until February 9, 2015. *Searcy* doc. 59. At a request from the Plaintiffs to clarify the order with respect to Probate Judges, the

1

Court later clarified its judgment in *Searcy* and quoted an opinion from a District Court in Florida, stating that the injunction in that case was not binding on parties not before the court and that "the Clerk's obligation to follow the law arises from sources other than the preliminary injunction." *Searcy* Order Clarifying Judgment, doc. 65, January 28, 2015.

3. In *Strawser*, the plaintiffs sought to have a marriage license issued by the State of Alabama. As in *Searcy*, this Court ruled that Alabama's marriage laws violated the United States Constitution, to the extent they prohibited recognition of "same-sex marriage," and entered a preliminary injunction as follows:

> Accordingly, the court hereby ORDERS that the Alabama Attorney General is prohibited from enforcing the Alabama laws which prohibit same-sex marriage. This injunction binds the defendant and all his officers, agents, servants and employees, and others in active concert or participation with any of them, who would seek to enforce the marriage laws of Alabama which prohibit same-sex marriage.

*Strawser* Order, doc. 29, January 26, 2015. This Court again stayed its injunction until February 9, 2015.

4. Although the *Searcy* plaintiffs initially sued other Defendants, this Court dismissed claims against the Governor, and the Plaintiffs voluntarily dismissed claims against other Defendants, including the Probate Judge. At the time of this Court's rulings cited above, the Attorney General was the only Defendant in either action.

5. The Attorney General appealed this Court's rulings and sought extensions of the stay. The Eleventh Circuit and the United States Supreme Court denied the Attorney General's petitions for a stay pending appeal.

6. Thus at present, the Attorney General is subject to an injunction, after a final order (that is on appeal), that already provides the most relief Plaintiffs could possibly receive against the Attorney General. The Attorney General has not violated that injunction in any way.

7. On February 9, 2015, the date this Court's stay expired, the *Searcy* Plaintiffs filed a "Motion for Contempt and Request for Immediate Relief," alleging that Probate Judge Don Davis had not opened his office and made marriage licenses available for same-sex couples. *Searcy* doc. 71, Feb. 9, 2015. This Court denied Plaintiffs' motion, holding as follows:

> Probate Judge Don Davis is not a party in this case and the Order of January 23, 2015, did not directly order Davis to do anything. Judge Davis's obligation to follow the Constitution does not arise from this court's Order. The Clarification Order noted that actions against Judge Davis or others who fail to follow the Constitution could be initiated by persons who are harmed by their failure to follow the law. However, no such action is before the Court at this time. Plaintiffs have also offered no affidavit or other evidence to show that they have been prevented from applying for the adoption or that their adoption application was wrongfully denied after this court's January 23, 2015, Order. Nothing in Plaintiffs' motion would compel this court to order law enforcement to open the marriage license division of Mobile County Probate Court or impose sanctions. Plaintiffs have offered no authority by which this court can hold Davis in contempt or order any of the relief sought by Plaintiffs. Accordingly, Plaintiffs' motion for contempt and immediate relief (Doc. 71), is DENIED.

*Searcy* Order, doc. 72, Feb. 9, 2015.

8. The *Strawser* plaintiffs amended their Complaint to add claims against Mobile County Probate Judge Don Davis. (*Strawser* doc. 47). They sought and obtained an injunction against Judge Davis requiring his office to issue marriage licenses to couples, including same-sex couples, who otherwise met all requirements for a marriage license. (*Strawser* doc. 55).

9. The *Strawser* plaintiffs also moved for an order requiring the Attorney General to assume control over a mandamus petition filed by private parties directly with the Alabama Supreme Court (*Ex parte State* ex rel. *Alabama Policy Institute and Alabama Citizens Action Program v. King*, case number 1140460). This Court denied the request, finding that Plaintiffs failed to demonstrate a right to further relief against the Attorney General and that the Court's injunctions in *Searcy* and *Strawser* "forbid the Attorney General to take action; they do not compel action." (*Strawser* doc. 67).

10. Plaintiffs in this action allege that on February 9, 2015, they unsuccessfully sought marriage licenses from the Probate Court of Mobile County, Alabama. (Doc. 1 ¶ 3). They further allege that their counsel was informed by staff of the Probate Court that the Mobile County Probate Court "would not open the marriage license office and, therefore, it is evident that they would not issue marriage licenses to same-sex couples." (Doc. 1 ¶ 4).

11. Plaintiffs in this action further allege that "Governor Bentley and Attorney General Strange have failed and refused to execute this Court's Orders." (Doc. 1, ¶ 7). They do not make any allegations, sworn or otherwise, of what actions the Attorney General has taken that allegedly defy this Court's injunctions, or what steps he could possibly take to issue a marriage license to them. In fact, the Attorney General has not violated the injunction.

12. Don Davis, Probate Judge of Mobile County, was joined as a defendant initially, but Plaintiffs have joined a stipulation of dismissal of claims against Judge Davis. (Doc. 16). As stated above, Judge Davis is now also subject to an injunction of this Court. *Strawser* doc. 55.

13. Plaintiffs request "that this Court enter an Emergency Injunction commanding the Defendants to issue the marriage licenses guaranteed by the Constitution as interpreted by this Court." (Doc. 1, ¶ 10). They further seek "an award of sanctions against the Defendants, separately and severally, for their willful refusal to comply with this Court's Orders, and any and all further, additional, and/or different relief to which the Plaintiffs may be deemed entitled by this Court." (Doc. 1, ¶ 11).

14. This Court denied Plaintiffs' motion for a temporary restraining order. (Doc. 7).

## Argument

It is not clear what specific claims the Plaintiffs are making against the Attorney General. Read generously, the Complaint appears to assert that the Attorney General and other defendants

have violated Plaintiffs' right because they, allegedly, failed to comply with this Court's orders from *Searcy* and *Strawser*. However, Plaintiffs have not shown that the Attorney General is in any way in violation of this Court's injunctions. In fact, as shown below, the Attorney General is not responsible for the fact that a Probate Judge allegedly refused to issue a marriage license, nor could he require a Probate Judge to issue such a license. Plaintiffs make no allegation of any action that the Attorney General took, or failed to take, that interfered with any person's rights. Any request for sanctions is unwarranted, and the claims against the Attorney General are due to be dismissed.

### A. The Plaintiffs' claims are moot.

The focus of Plaintiffs' complaint appears to be an effort to require the Mobile County Probate Judge to open his office and issue marriage licenses. That has already occurred, as a result of this Court's injunction against the Probate Judge in *Strawser*. (*Strawser* doc. 55). In an action that seeks an order requiring the Probate Court to open its doors, and the Probate Court has since opened its doors, the Court can no longer issue meaningful relief. Thus, any claim based on the Probate Judge's prior failure to open is moot. *DeFunis v. Odegaard*, 416 U.S. 312 (1974) (finding a case moot because "[a] determination by this Court of the legal issues tendered by the parties is no longer necessary to compel [the desired] result."). *See also Ethredge v. Hail*, 996 F.2d 1173, 1175 (11th Cir.1993) ("A case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.").

### B. The Attorney General does not issue marriage licenses or have authority over the Probate Judges who do

Even if time has not passed the Complaint by, the Attorney General is not the proper official from whom to seek the relief that is the focus of the action. Alabama law vests no authority in the Attorney General to issue marriage licenses, or to issue judgments of adoption,

5

but instead vests such authority with the probate courts in each county. Moreover, Alabama law does not provide the Attorney General with any supervisory or other authority over a Probate Judge, and in fact expressly prohibits the Attorney General from exercising any such authority.

A Probate Judge may issue a marriage license. Ala. Code § 30-1-9 ("Marriage licenses may be issued by the judges of probate of the several counties."). Similarly, the Constitution of Alabama (1901) vests jurisdiction over adoption matters with the probate court. Ala. Const. (1901) Art. VI, §144 ("There shall be a probate court in each county which shall have general jurisdiction of orphan's business, and of adoptions, … and shall have such further jurisdiction as may be provided by law."). Probate courts are part of the "unified judicial system" (the "Judicial Department") of Alabama:

> Except as otherwise provided by this Constitution, the judicial power of the state shall be vested exclusively in a unified judicial system which shall consist of a supreme court, a court of criminal appeals, a court of civil appeals, … the circuit court, … the district court, <u>a probate court</u> and such municipal courts as may be provided by law.

Ala. Const. (1901) Art. VI. § 139 (emphasis added).

The Attorney General is a member of the Executive Branch of Alabama government:

> The executive department shall consist of a governor, lieutenant governor, attorney-general, state auditor, secretary of state, state treasurer, superintendent of education, commissioner of agriculture and industries, and a sheriff for each county.

Ala. Const. (1901) Art. V, § 112. In Alabama, the legislative, judicial, and executive powers are strictly divided among the three branches of government:

> The powers of the government of the State of Alabama shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: Those which are legislative, to one; those which are executive, to another; and those which are judicial, to another.

Ala. Const. (1901) Art. III, § 42.  Each branch is strictly prohibited from exercising the powers of the other two branches:

> In the government of this state, except in the instances in this Constitution hereinafter expressly directed or permitted, the legislative department shall never exercise the executive and judicial powers, or either of them; the executive shall never exercise the legislative and judicial powers, or either of them; the judicial shall never exercise the legislative and executive powers, or either of them; to the end that it may be a government of laws and not of men.

Ala. Const. (1901) Art. III, § 43.

Likewise, the Attorney General is not responsible for any action or inaction taken by the other defendants. The Chief Justice is a member of the Judicial Branch and does not fall under the authority of the Attorney General. Plaintiffs do not allege any specific action or inaction taken by the Governor (or show that the Governor was subject to any injunction), or how any action or inaction taken by the Governor was allegedly caused by the Attorney General.

This Court's injunction in *Searcy* enjoins "the defendant," the Attorney General, "from enforcing" Alabama traditional marriage laws.  Doc. 53 at 10.  The Attorney General is abiding by the Court's injunction. He has taken no action to enforce Alabama's marriage laws.

### C. Plaintiffs have not met minimal pleading standards against the Attorney General

Plaintiff's failure to allege any acts or omissions by the Attorney General that allegedly violated their rights provides grounds to dismiss the claims against the Attorney General. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified—and substantially tightened—the standard for evaluating the sufficiency of a complaint. Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under prior doctrine, even a "'wholly conclusory'" claim would survive a motion to dismiss if the pleadings "'left open the possibility that a plaintiff might later establish some set of undisclosed facts to

7

support recovery.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 561). Now, by contrast, a complaint must go beyond that mere possibility and "'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Specifically, "a party must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1324-25 (11th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).

Courts applying this standard must adhere to "[t]wo working principles." *Iqbal*, 556 U.S. at 678. First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. When "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

Plaintiffs' alleged injury is that they were entitled to receive a "same-sex marriage" license, but were unable to get one because the Probate Judge of Mobile County was not open for business. Plaintiffs have made the barest of allegations against the Attorney General, only "threadbare recitals" and "conclusory statements," and have not provided means for this court to even infer more than the mere possibility of misconduct by the Attorney General. The claims against the Attorney General are therefore due to be dismissed.

### D.  There is no separate cause of action for "contempt"

Plaintiffs seem to assert a separate claim that the Attorney General is in "contempt" of court for allegedly failing to follow injunctions entered in separate cases. First of all, the

Attorney General has not violated the injunctions. He has taken no action to enforce Alabama's marriage laws.

Second, Plaintiffs' complaint is insufficient because they have not alleged any specific act or omission by the Attorney General that is purportedly a violation. "Before holding a litigant in civil contempt for violating a court order, a court must find by clear and convincing evidence that the order unambiguously proscribed the litigant's conduct." *In re Diaz*, 647 F.3d 1073, 1092 n.16 (11th Cir. 2011).  *See also McGregor v. Chierico*, 206 F.3d 1378, 1383 (11th Cir. 2000).

And third, there is no such claim as "contempt." If a party contends that the Attorney General has violated one of this Court's orders (he has not), then a party *to that case* may move for relief *in that case*. A separate lawsuit is not an appropriate vehicle to raise that issue.

### E. The Individual-Capacity Claims against the Attorney General are due to be dismissed on grounds of Qualified Immunity

The Court should also dismiss the individual-capacity claims against Attorney General Strange under the doctrine of qualified immunity. That doctrine "shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. Al-Kidd*, 131 S. Ct. 2074, 2080 (2011) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). A right is "clearly established" if "the contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right" because "in the light of pre-existing law the unlawfulness [of his action is] apparent." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

Certainly, as to any action taken before this Court's injunctions went into effect, Plaintiffs cannot show that there was a "clearly established right" to "same-sex marriage." The Supreme Court certainly did not recognize a right to same-sex marriage when it invalidated the

9

federal Defense of Marriage Act in *United States v. Windsor*, 133 S. Ct. 2675 (2013). As Chief Justice Roberts noted in dissent, the Court did not address that question at all:

> The Court does not have before it, and the logic of its opinion does not decide, the distinct question whether the States, in the exercise of their "historic and essential authority to define the marital relation," . . . may continue to utilize the traditional definition of marriage.

*Id.* at 2696 (Roberts, C.J., dissenting). Indeed, the *Windsor* majority went "out of its way to make this explicit in the penultimate sentence of its opinion" by stating that its "'opinion and its holding are confined to those lawful marriages' . . . referring to same-sex marriages that a State has already recognized." *Id.* (citation omitted). Noting that the Court "may in the future" have to decide this issue, the Chief Justice also at least implicitly acknowledged that no prior Supreme Court decision had "resolve[d] challenges to state marriage definitions affecting same-sex couples." *Id.* at 2697.

Nor have Plaintiffs clearly established that this right – the alleged right to a "same-sex marriage" license – is one that that the Attorney General could possibly provide. They have not shown (and cannot possibly show) that the Attorney General is responsible for the Probate Judge's alleged refusal to issue a marriage license, or that the Attorney General could require the Probate Judge to do so.

### F. The Attorney General respectfully disagrees with this Court's rulings in *Searcy* and *Strawser*

As additional grounds for denying these Plaintiffs relief, the Attorney General respectfully disagrees with this Court's rulings in *Searcy* and *Strawser*, for reasons stated in the Attorney General's summary judgment briefing in *Searcy* (Docs. 48, 48-1, 48-2, 49, 49-1, 49-2, 52, 52-1), adopted and incorporated by reference.

**Conclusion**

At bottom, it is not at all clear what claim the Plaintiffs make against the Attorney General. The Attorney General is not responsible for any alleged injury suffered by the Plaintiffs, and could not redress their alleged injury. He cannot issue a marriage license to them, nor can he require the Probate Judge to do so. He is not responsible for any alleged action or inaction of the other Defendants with respect to marriage licenses. And while he disagreed with this Court's rulings in *Searcy* and *Strawser*, and has exercised his right to appeal those rulings, he has in no way violated this Court's injunctions.

For these reasons, the Plaintiffs have not established a right to relief – injunctive, declaratory, permanent, emergency, or otherwise – against the Attorney General. The request for sanctions and emergency relief are due to be denied, and the claims against the Attorney General are due to be dismissed.

    Respectfully submitted,

    LUTHER STRANGE
    *Attorney General*

    s/ James W. Davis
    James W. Davis (ASB-4063-I58J)
    Laura E. Howell (ASB-0551-A41H)
      *Assistant Attorneys General*

    STATE OF ALABAMA
    OFFICE OF THE ATTORNEY GENERAL
    501 Washington Avenue
    Montgomery, Alabama 36130-0152
    (334) 242-7300
    (334) 353-8440 (fax)
    jimdavis@ago.state.al.us
    lhowell@ago.state.al.us

    **Attorneys for Alabama Attorney General Luther Strange**

## CERTIFICATE OF SERVICE

I certify that on February 24, 2015, I electronically filed the foregoing document using the Court's CM/ECF system which will send notification of such filing to the following persons:

Christine C. Hernandez
P. O. Box 66174
Mobile, AL 36660
Telephone: (251) 479-1477
christine@hernandezlaw.comcastbiz.net

David G. Kennedy
P. O. Box 556
Mobile, AL 36601
Telephone (251) 338-9805
david@kennedylawyers.com

Harry V. Satterwhite
Satterwhite & Tyler, LLC
1325 Dauphin Street
Mobile, AL 36604
(251) 432-8120
Fax: (251) 405-0147
Email: harry@satterwhitelaw.com

Joseph Michael Druhan , Jr.
Johnston Druhan, LLP
P.O. Box 154
Mobile, AL 36601
(251) 432-0738
Email: mike@satterwhitelaw.com

Algert S. Agricola , Jr.
60 Commerce Street, Suite 1400
Montgomery, AL 36104
334-834-5290
Fax: 334-834-5297
Email: aagricola@rdafirm.com

David B. Byrne , Jr.
Governer's Legal Office
600 Dexter
Room NB05
Montgomery, AL 36130
334-353-2833
Email: david.byrne@governor.alabama.gov

The following will be served via United States Mail, First Class, postage prepaid and addressed as follows:

Joe McEarchern, Jr.
Chief Clerk/Administrator
Probate Court of Mobile County
Post Office Box 7
Mobile, AL  36601

C. Mark Erwin
Chief of Staff
Probate Court of Mobile County
Post Office Box 7
Mobile, AL  36601

Chief Justice Roy S. Moore
Supreme Court of Alabama
300 Dexter Avenue
Montgomery, AL 36104

        s/James W. Davis
        Counsel for the Defendant